UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNION FEDERAL BANK and WATERFIELD FINANCIAL CORPORATION, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>GLENN HOWARD, individually and doing business as HOWARD GROUP APPRAISALS, and STERLING REALTORS & APPRAISERS, LLC, )<br>)<br>Defendants. ) | CAUSE NO. 1:05-CV-00031 |

## OPINION AND ORDER

### I. INTRODUCTION

Defendant Glenn Howard, individually and doing business as Howard Group Appraisals ("Howard"), of Sterling Realtors & Appraisers, LLC ("Sterling"), appraised certain real property at the request of Plaintiffs Union Federal Bank and Waterfield Financial Corporation, a wholly-owned subsidiary of Union Federal Bank (collectively referred to as "Plaintiff"), which Plaintiff then relied upon when extending loans to its customers. (Compl. ¶¶ 9, 12, 13, 24.)  Plaintiff contends, however, that after conducting an internal investigation, it discovered that Defendants' appraisals were false and misleading; therefore, it filed this action contending that Defendants violated the Racketeering Influenced and Corrupt Organizations (RICO) statute, 18 U.S.C. § 1962(c), by planning and forming an enterprise that delivered fraudulent real estate appraisals.[1]

---

[1] Accordingly, subject matter jurisdiction arises under 28 U.S.C. § 1331.   Jurisdiction of the undersigned Magistrate Judge is based on 28 U.S.C. § 636(c), all parties consenting.  Plaintiff also asserts claims of breach of contract, fraud, constructive fraud, defrauding a financial institution, and breach of fiduciary duty pursuant to supplemental jurisdiction (Compl. ¶¶ 29-50); however, the Defendants' motion to dismiss does not challenge these

(*Id*. ¶¶ 16-22.)  Defendants have each moved to dismiss the RICO claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Docket # 24, 26.)  After considering the motions and the relevant law, the Court will grant Defendants' motions to dismiss without prejudice, and Plaintiff will be granted leave to amend its pleading.

## II. FACTUAL AND PROCEDURAL BACKGROUND[2]

Howard is a licensed residential real estate appraiser who performs appraisals under the name of Sterling Realtors & Appraisers, LLC.[3] (Compl. ¶¶ 9, 14, Ex. A.)  In January 2003, Plaintiff asked Howard to perform real estate appraisals on certain properties; Howard agreed and performed appraisals at Plaintiff's request between March 17, 2003, and November 19, 2003, on seventy-four properties located primarily in Wayne Township in Allen County, Indiana.[4]  (*Id*. ¶¶ 9, 12, 15.)  Plaintiff then relied on Howard's appraisals in extending loans to its customers. (*Id*. ¶ 21.)

Sometime thereafter, Plaintiff became concerned about property vacancy, property values, and loan delinquencies associated with the properties that Howard appraised, and decided to investigate the portfolio of loans supported by his appraisals. (*Id*. ¶ 16.)  Plaintiff had all of the properties independently reappraised and found that some of Howard's appraisals (1) stated that a property had been rehabilitated or improved when it had not; (2) contained incorrect photos or

---

supplemental claims on the merits.

[2] For purposes of its review of Defendants' motion to dismiss, the Court assumes the truth of all well-pled allegations and draws all reasonable inferences in the light most favorable to the Plaintiff.  *Pearman v. Norfolk & Western Ry. Co.*, 939 F.2d 521, 522 (7th Cir. 1991).

[3] While the record is unclear as to the exact relationship between Howard and Sterling, it appears that Howard acts as an agent of, or independent contractor to, Sterling.

[4] Fifty-eight of the seventy-four appraisals were performed on properties owned by the same four individual investors.

sketches; (3) listed incorrect owners; (4) failed to disclose prior sales; or (5) appraised the wrong property. (*Id*. ¶¶ 17-19.) The investigation further revealed that Howard's appraisals reflected property values far in excess of fair market value, as the aggregate value of the seventy-four properties on Howard's appraisals was $3,865,000, while the aggregate value on the reappraisals was $2,352,000. (*Id*. ¶¶ 20, 22.)

Plaintiff estimates that it suffered in excess of $500,000 in damages due to Howard's allegedly fraudulent appraisals, as many loans it extended in reliance on Howard's appraisals were ultimately foreclosed and resold. (*Id*.) Hence, Plaintiff filed the instant action with this Court to obtain relief. (*Id*.)

### III. STANDARD OF REVIEW

A complaint should not be dismissed for failure to state a claim unless it appears that the plaintiff can prove no set of facts which would support his claim for relief. *Kelley v. Crosfield Catalysts*, 135 F.3d 1202, 1205 (7th Cir. 1998). In determining the propriety of dismissal under Rule 12(b)(6), the court must "accept as true all well-pled factual allegations in the complaint and draw all reasonable inferences therefrom in favor of the plaintiff." *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). The purpose of the motion to dismiss is to test the legal sufficiency of the complaint and not to decide the merits. *Triad Assoc., Inc. v. Chicago Housing Auth.*, 892 F.2d 583, 586 (7th Cir. 1989), *abrogated on other grounds*, *Bd. of County Comm'rs, Waubunsee County, Kan. v. Umbehr*, 518 U.S. 668 (1996). "If it appears beyond doubt that plaintiffs can prove any set of facts consistent with the allegations in the complaint which would entitle them to relief, dismissal is inappropriate." *Perkins*, 939 F.2d at 466.

To state a viable RICO claim, a plaintiff must show "(1) the conduct (2) of an enterprise

(3) through a pattern (4) of racketeering activity."[5] *Richmond v. Nationwide Cassel L.P.*, 52 F.3d 640, 644 (7th Cir. 1995). Furthermore, "allegations of fraud in a civil RICO complaint are subject to the heightened pleading standard of Fed. R. Civ. P. 9(b), which requires a plaintiff to plead all averments of fraud with particularity." *Slaney v. The Int'l Amateur Athletic Found.*, 244 F.3d 580, 597 (7th Cir. 2001). "Accordingly, a RICO plaintiff must, at a minimum, describe the two predicate acts of fraud with some specificity and state the time, place, and content of the alleged false representations, the method by which the misrepresentations were communicated, and the identities of the parties to those misrepresentations." *Id*. "Moreover, in a multiple defendant case, Rule 9(b) requires a RICO plaintiff to plead sufficient facts to notify each defendant of his alleged participation in the scheme." *Goren v. New Vision Int'l, Inc.*, 156 F.3d 721, 726 (7th Cir. 1998); *see also Vicom, Inc. v. Harbridge Merch. Services, Inc.*, 20 F.3d 771, 778 (7th Cir. 1994); *Sears v. Likens*, 912 F.2d 889, 893 (7th Cir. 1990) (dismissing RICO claim for "lump[ing] all of the defendants together" and failing to specify "who was involved in what activity").

## IV. DISCUSSION

### *A. Plaintiff Fails to Sufficiently Allege the Conduct Prong*

In order to have conducted or participated in the enterprise's affairs under RICO, the person charged must have "participated in the operation or management of the enterprise itself,"

---

[5] 18 U.S.C. § 1962(c) states:

It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

4

*U.S. v. Swan*, 250 F.3d 495, 498 (7th Cir. 2001), or stated another way, had "some part in directing [the enterprise's] affairs," *Reves v. Ernst & Young*, 507 U.S. 170, 179 (1993); *see also Slaney*, 244 F.3d at 598.  In short, "mere participation in the activities of the enterprise is insufficient; the defendant must participate in the operation or management of the enterprise." *Goren*, 156 F.3d at 727; *see also Slaney*, 244 F.3d at 598.

Here, Plaintiff fails to allege that Defendants exerted any control over the enterprise; rather, it merely asserts that the Defendants "knowingly formed, and were associated with, an enterprise," and "participated in the scheme and the affairs of an enterprise." (Compl. ¶¶ 24, 27.) The Seventh Circuit has stated that dismissal of a plaintiff's RICO claim is appropriate when the plaintiff fails to articulate that the defendant asserted control over the alleged enterprise. *See Slaney*, 244 F.3d at 598; *Goren*, 156 F.3d at 727.  Therefore, the first deficiency in Plaintiff's complaint is the failure to sufficiently assert the conduct prong of the RICO claim.

### B.  *Plaintiff Fails to Sufficiently Allege the Enterprise Prong*

The Seventh Circuit has declared that "a RICO complaint must identify the enterprise." *Richmond*, 229 F.3d at 675.  "While a RICO enterprise can be formal or informal, some type of organizational structure is required." *Stachon v. United Consumers Club, Inc.*, 229 F.3d 673, 675 (7th Cir. 2000).  More specifically, a RICO enterprise must have "an ongoing structure of persons associated through time, joined in purpose, and organized in a manner amenable to hierarchical or consensual decision making," with "goals separate from the predicate acts themselves." *Id*. (internal quotation marks omitted).

Plaintiff contends that it adequately alleged the identity of the enterprise, pointing to language in its complaint such as "[t]he enterprise planned and executed a scheme and artifice to

5

defraud." (*See* Compl. ¶¶ 24, 25, 27; Pls.' Brief in Opp'n to Mot. to Dismiss of Glenn Howard Individually and D/B/A Howard Group Appraisals ("Howard Response Brief") at 6; Pls.' Brief in Opp'n to Mot. to Dismiss of Sterling Realtors & Appraisers, LLC ("Sterling Response Brief") at 6.)  However, the Seventh Circuit has stated that "RICO plaintiffs cannot establish structure by defining the enterprise through what it supposedly does." *Stachon*, 229 F.3d at 676*; see also Slaney*, 244 F.3d at 600 n.11.  Here, Plaintiff attempts to characterize language in its complaint that merely describes the alleged enterprise's activities as language which identifies the "structure" of the enterprise.  This is inadequate; hence, the second deficiency in Plaintiff's complaint is its failure to sufficiently assert the enterprise prong of the RICO claim.

### C.  *Plaintiff Fails to Sufficiently Allege a Pattern of Racketeering Activity*

A bank fraud allegation in a RICO claim must be pled with particularity, stating the "time, place, and content of the alleged false representations, the method by which the misrepresentations were communicated, and the identities of the parties to those misrepresentations." *Slaney*, 244 F.3d at 597; *see also* Fed. R. Civ. P. 9(b).  Here, Plaintiff adequately identifies the real estate appraisals as the method of communication; however, Plaintiff fails to plead with particularity the rest of the circumstances surrounding the alleged bank fraud.

First, while Plaintiff states that Defendants performed appraisals between March 17, 2003, and November 19, 2003, it failed to provide specific dates of the faulty appraisals, as only "some" of the appraisals were alleged by the Plaintiff to have defects.  (*See* Compl. ¶¶ 17-19.)  Furthermore, Plaintiff neglected to include any addresses of properties that were appraised; rather, it simply identified that the properties "were mainly located in Wayne Township in Fort

6

Wayne, Allen County, Indiana." (*Id*. ¶ 15.)  Likewise, Plaintiff fails to plead the content of the misrepresentations with sufficient particularity, as it merely asserts that "some" of the appraisals (1) stated that a property had been rehabilitated or improved when it had not; (2) contained incorrect photos or sketches; (3) listed incorrect owners; (4) failed to disclose prior sales; (5) appraised the wrong property; or (6) overstated the fair market value of the property.  Also, while Plaintiff clearly identified itself as the recipient of the alleged misrepresentations, Plaintiff refers generically to "Defendants" as the persons making the misrepresentations, creating a lack of clarity as to the individual roles of Howard and Sterling in the alleged fraud.

Plaintiff, to the contrary, contends that the "general outline" of the alleged fraud in its complaint is sufficient to notify the Defendants of their purported role in the fraud, citing *Midwest Grinding Co., Inc. v. Spitz*, 976 F.2d 1016 (7th Cir. 1992), in support of its assertion.  Plaintiff's citation, however, is puzzling, as it actually cuts against its argument; the court in *Midwest Grinding* held that the general outline of the fraudulent invoice scheme pled by the plaintiff was inadequate because it failed to identify the specific dates on which the defendants sent the false invoices. *Id*. at 1020.  Likewise in the instant case, Plaintiff's argument fails to provide the necessary specificity of the alleged bank fraud, particularly when Plaintiff has all of the information (i.e., the appraisals and reappraisals) to plead the claim with more particularity. *Compare id. with Corley v. Rosewood Care Ctr., Inc. of Peoria*, 142 F.3d 1041, 1050-51 (7th Cir. 1998) (relaxing the particularity requirement of Rule 9(b) where plaintiff was denied access to the facts necessary to detail his claim).  Additionally, the Seventh Circuit has frowned upon complaints that do not properly articulate each individual defendant's role in the alleged fraud, *see Goren,*156 F.3d at 726; *Vicom,* 20 F.3d at 778; *Sears,* 912 F.2d at 893; here, Plaintiff's

7

complaint contains the same defect, leaving the reader uncertain of the individual roles that Howard and Sterling allegedly played in the scheme.

Because the complaint fails to assert the racketeering activity with particularity, it also by default fails to sufficiently establish "a pattern of racketeering activity." A pattern of racketeering activity requires a showing of two or more predicate acts pled with particularity that are related and amount to, or pose a threat of, continued criminal activity. *See Corley*, 142 F.3d at 1048. Because Plaintiff fails to adequately plead the actual predicate acts, the Court will refrain from addressing the relationship and continuity aspects thereof.

In summary, Plaintiff fails to sufficiently plead all prongs – conduct, enterprise and a pattern of racketeering activity – of a RICO complaint. Therefore, Defendants' motions to dismiss will be granted.

### D. Plaintiff is Granted Leave to Amend Complaint

When all federal claims drop out of a case before trial, the general rule is that the district court should relinquish jurisdiction over the supplemental claims, especially when there has been little discovery or other pretrial preparation. *See* 28 U.S.C. § 1367; *Van Harken v. City of Chicago*, 103 F.3d 1346, 1354 (7th Cir. 1997). Here, the RICO claim subject to dismissal is the sole claim which created federal jurisdiction; therefore, Plaintiff's remaining supplemental claims will also be dismissed.

Notwithstanding the foregoing, perhaps in a belated recognition of the deficiencies in its original complaint, Plaintiff requested leave to amend its complaint in the event that Defendants' motions to dismiss were granted. (Howard Response Brief at 2-3; Sterling Response Brief at 2.) Leave to amend should "be freely given when justice so requires." Fed. R. Civ. P. 15(a). "In the

absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962). In *Barry Aviation*, a RICO case, the Seventh Circuit emphasized that leave to amend ought to be freely given after the dismissal of the first complaint, unless it is certain from the complaint on its face that amendment would be futile or unwarranted. 377 F.3d at 687.

Here, this is Plaintiff's first request to amend its pleading, and its request is within the time period for amendments to the pleadings in the schedule agreed to by the parties. Therefore, Plaintiff's request for leave to amend its complaint will be granted.

## V. CONCLUSION

For the reasons given *supra*, Defendants' motions to dismiss are hereby GRANTED (Docket # 24, 26), and Plaintiff's federal RICO claim and all supplemental claims are hereby dismissed without prejudice. Plaintiff's motion requesting leave to amend its complaint is hereby GRANTED (Docket # 28, 29), and Plaintiff shall have through May 23, 2005, to file its amended complaint.[6] In the event that Plaintiff fails to file an amended complaint on or before May 23, 2005, the clerk is directed to enter a judgment in favor of Defendants, dismissing

---

[6] This May 23, 2005, deadline supersedes the October 3, 2005, deadline set forth in the schedule for Plaintiff's amendments to the pleadings.

Plaintiff's federal RICO claim with prejudice and Plaintiff's supplemental claims without prejudice.  SO ORDERED.

     Enter for this 6th day of May, 2005.

                                                    S/Roger B. Cosbey
                                                    Roger B. Cosbey,
                                                    United States Magistrate Judge